UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61303-CIV-ZLOCH

ACCESS 4 ALL, INC, et al.,

       Plaintiffs,

**FINAL ORDER OF DISMISSAL**

vs.

FUND VII POINTE 1801, LCC,

       Defendants.
_____/

     THIS MATTER is before the Court upon Plaintiffs' Motion For Voluntary Dismissal (DE 25). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

     This action alleges violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. By the instant Motion (DE 15), Plaintiffs Access 4 All, Inc., and Joe Houston, move to voluntarily dismiss the above-styled cause without prejudice because they have recently learned that Defendant is not the owner of the premises that is the entire subject of this action. For a time, Defendant apparently also believed it owned said premises because it admitted as much in its Answer. See DE 13, ¶¶ 2 & 7. By some unexplained occurrence, the Parties have since discovered their error.

     The district court has broad discretion in determining whether to allow a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). McCants v. Ford Motor Co., 781 F.2d 855, 857

(11th Cir. 1986). Rule 41 states, in relevant part: "...an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41 (a)(2). The court's duty is to "weigh the relevant equities and do justice between the parties in each case imposing such costs and attaching such conditions as to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857. A plaintiff has no right to a voluntary dismissal without prejudice, Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991), and the district court must consider the defendant's interests since Rule 41(a)(2) "exists chiefly for the protection of the defendants." Id. at 1503.

Nevertheless, the traditional governing principle is that "in most cases a voluntary dismissal should be granted unless the defendant will suffer plain legal prejudice, other than the prospect of a subsequent lawsuit, as a result." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis added). Here, Defendant does not object to a voluntary dismissal. Thus, the Court will grant the instant Motion (DE 25).

However, Defendant urges the Court to attach prejudice to said dismissal so that Defendant might be considered a "prevailing party" and thus be entitled to attorney's fees and costs. "[A] voluntary dismissal with prejudice is appropriate only upon a showing of bad faith by Plaintiff's counsel." Mediavation v. Rodgers, 2009 WL 2766419, at *4 (M.D. Fla. 2009), citing

2

Pontenberg, 252 F.3d at 1256-57. In the instant case, Defendant does not argue that Plaintiff's Counsel acted in bad faith. Accordingly, the Court will not attach prejudice to this dismissal.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion For Voluntary Dismissal (DE 25) be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **DISMISSED** without prejudice; and

3. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 30th day of April, 2012.

/s/ William Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record